# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DOMENIQUE T. WILSON, :

    Petitioner :

                                     CIVIL ACTION NO. 3:15-2434

v. :

                                     (Judge Mannion)

Supt. TAMMY FERGUSON, :

    Respondent :

## MEMORANDUM

Petitioner, Domenique T. Wilson, an inmate confined in the Benner State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Clinton County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

I. **Background**

The following background has been extracted from the Pennsylvania Superior Court's November 26, 2013, Memorandum Opinion affirming the trial court's denial of his petition for relief pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa. C.S.A. §§9541-9546. (Doc. 10, Commonwealth of Pennsylvania v. Wilson, No. 257 MDA 2013).

The pertinent facts and procedural history of this case are as follows:

On March 3, 2010, [] Wilson was convicted by a jury of his peers on every count contained in a thirty-seven (37) count information, which included multiple counts of, *inter alia*, rape, involuntary deviate sexual assault, criminal trespass, robbery, burglary, and unlawful restraint. The jury determined that [] Wilson was the perpetrator who, on February 1, 2009, broke into a house shared by three female college students who were, at the time, attending Lock Haven University, subduing them, as well as raping and otherwise sexually violating two of them over a period lasting between approximately five (5) and six (6) hours, before absconding with their cash, credit cards, debit cards and cellular phones.

Following ... review of [Wilson's] Pre-Sentence Investigation (PSI) report, after hearing remarks by the district attorney and counsel [] Wilson, after all eligible offenses were merged and taking into consideration applicable deadly weapon aggravators, th[e trial c]ourt sentenced [] Wilson to various terms of imprisonment, aggregating to between eight hundred and forty (840) to two thousand, three hundred and fifty-two (2,352) months[1], which sentence commenced on June 7, 2010. [Wilson's] trial counsel, Todd Fiore, Esq. ["Fiore"], filed a motion to withdraw as counsel, which was granted on the same date as [Wilson's] sentencing hearing – that is, June 7, 2010. Th[e trial c]ourt then appointed David Isaac Lindsay, Esq. ["Lindsay"], Public Defender, to represent [Wilson]. Attorney Lindsay filed post[-]sentence motions on June 18, 2010. In lieu of an appeal, Attorney Lindsay filed an **Anders [v. California,** 386 U.S. 738 (1967)] brief, stating that all

---

[1] This sentence translates to between seventy (70) and one hundred and ninety-six (196) years of imprisonment.

2

bases of appeal available to [Wilson] were frivolous. Subsequent thereto, the Superior Court remanded, directing Attorney Lindsay to follow the **Anders** procedure set forth by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). Attorney Lindsay subsequently followed that procedure and the Superior Court both permitted his withdrawal as counsel and affirmed [Wilson's] sentence in an unreported memorandum Opinion, dated December 13, 2011. Despite Mr. Lindsay's assessment of frivolity, [Wilson] persisted in appealing the discretionary aspects of is sentence. [Wilson] contended that the sentence this Court imposed was excessive because, in [Wilson's] estimation, it failed to give due weight to his rehabilitative needs. The Superior Court, noting that [Wilson's] sentence for each conviction was within the standard sentencing range, found that [Wilson's] argument did not raise a substantial question as to whether the sentence [] imposed was not appropriate. That court also expressly stated that it found no abuse of discretion. **See Commonwealth v. Wilson**, 1116 MDA 2010 (Pa. Super. 2011), at page 6.

Beginning in November of 2011, [Wilson] filed, *pro se*, a [P]etition for post-conviction collateral relief.[2] On November 29, 2011, th[e PCRA c]ourt appointed John P. Boileau, Esq. ["Boileau"], to represent [Wilson] in his efforts to obtain post-conviction collateral relief. Due to an apparent conflict of interest with Mr. Boileau's office, th[e PCRA c]ourt removed [] Boileau and appointed Frederick Lingle, Esq. ["Lingle"], to represent [Wilson] on December 2, 2011. On March 29, 2012, in accordance with the schedule set forth by th[e PCRA c]ourt, [] Lingle filed, on behalf of [Wilson], an "Amended Motion for Post Conviction Collateral Relief," setting forth thirteen (13) assertions of ineffective

---

[2]Petitioner's Criminal Docket reveals that his PCRA petition was filed on November 22, 2011. See Commonwealth of Pennsylvania v. Wilson, CP-18-CR-0000148-2009.

3

assistance of counsel[3], which also contained a vague reference to "[a] violation of the Constitution of the Commonwealth or the laws of the United States which, in the circumstances of the particular case, so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[4]". We view this document as a petition fitting within the ambit of [the PCRA].... On April 17, 2012, [Wilson] moved to add an additional assertion of ineffectiveness to his Petition, as paragraph 5.A.14. Th[e PCRA c]ourt permitted the addendum by an Order dated April 17, 2012.

PCRA Court Opinion, 1/11/13 at 1-3 (footnotes in original).

After a hearing, the PCRA court denied Wilson's PCRA Petition. Wilson filed a timely appeal of the PCRA court's Order denying his PCRA Petition.[5] The PCRA court ordered Wilson to file a Pa.R.A.P. 1925(b) concise statement, and Wilson complied with that Order.

Wilson raises the following issues on appeal:

1. Did trial counsel provide [Wilson] with ineffective assistance of counsel such that he should be granted a new trial?

2. Was [Wilson] provided his constitutional right to a fair

---

[3]The only assertion which appears to relate to Attorney Lindsay's post-sentence representation of [Wilson] is set forth in Paragraph 5.A.13 of [Wilson's] Amended PCRA Petition, which cites a failure to file post-trial motions.

[4]**See generally** Defendant's Amended Motion for Post Conviction Collateral Relief, filed March 29, 2012, at ¶5.

[5]Petitioner's Criminal Docket reveals that his appeal to the Pennsylvania Superior Court was filed on February 7, 2013. See Commonwealth of Pennsylvania v. Wilson, CP-18-CR-0000148-2009.

4

trial?

3. Did post-trial appointed counsel provide [Wilson] with ineffective assistance of counsel?

Brief for Appellant at 3.

(Doc. 10, Commonwealth of Pennsylvania v. Wilson, No. 257 MDA 2013).

On November 26, 2013, the Pennsylvania Superior Court affirmed the PCRA Court's denial of Wilson's PCRA petition. Id.

On December 19, 2013, Wilson filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court. See Commonwealth of Pennsylvania. v. Wilson, 1005 MAL 2013. On May 18, 2014 the Pennsylvania Supreme Court denied Wilson's petition for allowance of appeal. Id.

On December 18, 2015, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1, petition). The petition is now ripe for disposition.

## II. Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

5

> The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period

6

did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A. Statutory Tolling

In this case, because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, his conviction became final on January 12, 2012, or thirty (30) days after the Pennsylvania Superior Court's December 13, 2011 affirmance of Petitioner's conviction and sentence. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running on January 12, 2012, and Wilson had until January 12, 2013 to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), the AEDPA's filing period is

8

statutorily tolled when a petitioner timely files a PCRA. See Harris, 209 F.3d at 328. Petitioner, however, had already filed a PCRA petition on November 22, 2011, prior to the Pennsylvania Superior Court's December 13, 2011 Opinion. Wilson's petition for allowance of appeal to the Pennsylvania Supreme Court, in which Petitioner sought to appeal the denial of his PCRA petition, was denied May 8, 2014. Thus, Petitioner's PCRA petition was pending until May 8, 2014, when the Supreme Court denied his petition for allowance of appeal. Because Wilson's habeas deadline under the AEDPA is not tolled by petitions directed to the United States Supreme Court on collateral attack, see Hubley v. Superintendent, 57 Fed. Appx. 927, 929 (3d Cir. Pa. 2003), his judgment of sentence became final on May 8, 2014. Accordingly, the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on May 8, 2014 and expired on May 8, 2015. The instant petition was not filed until December 18, 2015, seven months after the limitations period expired. Even affording Wilson the date of November 25, 2015, the date his petition was signed, his petition is still untimely by six months. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

B. **Equitable Tolling**

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in

10

investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D. Pa. 2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

In the present matter, Petitioner does not specifically argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument.

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence

in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. As such, equitable tolling is inapplicable in this matter.

III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** February 7, 2018
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2434-01.wpd